**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4680

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN DALEY STROTHERS, a/k/a Giovanni Daliente Strassini,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Graham C. Mullen, Senior District Judge.  (3:16-cr-00212-GCM-DSC-1)

Submitted:  August 19, 2019                    Decided:  September 27, 2019

Before KING, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sandra Barrett, Asheville, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Daley Strothers was convicted following a jury trial of use of a false document in a federal matter, 18 U.S.C. § 1001(a)(3) (2012); possession of an identification document to defraud the United States, 18 U.S.C. § 1028(a)(4) (2012); passport application fraud, 18 U.S.C. § 1542 (2012); and making a false statement in a federal matter, 18 U.S.C. § 1001(a)(2) (2012), and received a sentence of six months' imprisonment. Strothers appeals, arguing that the prosecutor engaged in misconduct by making improper comments during closing argument.

A prosecutor's remarks during closing argument will require reversal if they were (1) improper, and (2) "so prejudiced the defendant's substantial rights that the defendant was denied a fair trial." *United States v. Saint Louis*, 889 F.3d 145, 156 (4th Cir. 2018). Where, as here, the defendant fails to object, we review only for plain error "and grant relief only if there was a plain error that affected [Strothers'] substantial rights and would seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Lopez*, 860 F.3d 201, 215 (4th Cir. 2017).

When determining whether the prosecution's improper remarks were sufficiently prejudicial as to deny the defendant a fair trial, this court considers: (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters; (5) whether the prosecutor's remarks were invited by improper conduct of defense counsel;

2

and (6) whether curative instructions were given to the jury. *United States v. Baptiste*, 596 F.3d 214, 226-27 (4th Cir. 2010).

With these standards in mind, our review of the record does not reveal the existence of any prosecutorial misconduct. Thus, Strothers is not entitled to relief. Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*